Nicholas M. Wajda (Cal. Bar No. 259178)
**WAJDA LAW GROUP, APC**
3111 Camino Del Rio North, Suite 400
San Diego, CA 92108
Telephone: (310) 997-0471
Facsimile: (866) 286-8433
nick@wajdalawgroup.com

*Attorney for the Plaintiff*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMY G. VELAZQUEZ<br><br>Plaintiff,<br><br>v.<br><br>UNIVERSAL ACCOUNTS, LLC<br><br>Defendant. | Case No.   **'21 CV0379 DMS MSB**<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692** *et seq.*<br>2. **VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §227 ET SEQ**<br>3. **VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788** *et seq.*<br><br>**JURY TRIAL DEMANDED** |

**NOW COMES**, AMY G. VELAZQUEZ, through undersigned counsel, complaining of UNIVERSAL ACCOUNTS, LLC, as follows:

## NATURE OF THE ACTION

1.      This action seeks redress for Universal Accounts, LLC's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, the Telephone Consumer Protection Act47. U.S.C. §227 *et seq.*, and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788 *et seq.*

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3.  This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4.  Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

5.  AMY G. VELAZQUEZ ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Wilmington, California.

6.  Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7.  Plaintiff is a "consumer" as defined by Cal. Civ. Code § 1788.2(h).

8.  Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

9.  UNIVERSAL ACCOUNTS, LLC ("Defendant") is a limited liability company organized under California law.

10.  Defendant maintains its principal place of business at 301 E. Colorado Blvd. Suite 501, Pasadena, CA, 91101.

11.  Defendant specializes in debt collection and collects debts on behalf of others nationwide.

12.  Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6) because (1) it uses instrumentalities of interstate commerce and the mail in the course of collecting consumer debt; (2) the principal purpose of Defendant's business is the collection of debt owed or due or asserted to be owed or due another; and (3) it regularly collects consumer debt owed to others.

13.  Defendant is a debt collector as defined by Cal. Civ. Code § 1788.2(c).

14.  Defendant is a "person" as defined by 47 U.S.C. § 153(39).

## FACTUAL ALLEGATIONS

15.  At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 0373.

2

16.     At all times relevant, Plaintiff's number ending in 0373 was assigned to a cellular telephone service as defined by 47 U.S.C. § 227(b)(1)(A)(iii).

17.     At all times relevant, Plaintiff was financially responsible for her cellular telephone equipment and services.

18.     Approximately two years ago, Plaintiff was required to have a medical procedure.

19.     Due to unforeseen financial difficulties,  Plaintiff was unable to make timely payments regarding the procedure

20.     At the time that Plaintiff fell behind, she owed approximately $700.00 ("subject debt").

21.     In or around August of 2020, Plaintiff started receiving collection calls from Defendant attempting to collect on the subject debt.

22.     During all the collection calls when Plaintiff answered Defendant's calls, she was met by a lengthy period of dead air and was required to say hello prior to being connected to an agent.

23.     Upon speaking with a representative of Defendant's Plaintiff was informed they were attempting to collect upon the subject debt.

24.     Plaintiff informed Defendant of her current financial situation and requested that Defendant stop calling her.

25.     Unfortunately, Defendant's collection calls persisted.

26.     Plaintiff answered another unwanted and unconsented to call and informed Defendant's representative that once Plaintiff was in a more stable financial position should make payment arrangements.

3

27.     Despite Plaintiff's numerous requests for the calls to stop, along with informing Defendant she would be willing to make payment arrangements, Defendant has continued to call Plaintiff on at least 30 occasions since Plaintiff has requested that the phone calls cease.

28.     Additionally, Plaintiff's family has been contacted by Defendant.

29.     Defendant has disclosed Plaintiff's current situation with Defendant to Plaintiff's family causing a great deal of anxiety and stress.

30.     Defendant has placed phone calls to Plaintiff from various phone numbers, including but not limited to: 626-356-7913.

**DAMAGES**

31.     Defendant's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

32.     Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the phone calls, decreased daily productivity, aggravation that accompanies unwanted telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and functionality of her cellular phone, the loss of battery charge, and the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her cellular phone.

33.     Moreover, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's cellular phone such that Plaintiff was unable to receive other phone calls or otherwise utilize her cellular phone while her phone was ringing.

34.     Furthermore, Plaintiff's privacy and guaranteed rights under the FDCPA were violated by Defendant causing a great deal of stress, anxiety and embarrassment.

**COUNT I**

4

**Violations of the Federal Debt Collections Practices Act**

35.    Plaintiff restates and incorporates all paragraphs as if fully set forth herein.

**i.   Violations of 15 U.S.C. §§ d and d(5)**

36.    Section 1692d of the FDCPA provides:

[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(5)    Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

37.    Defendant violated 15 U.S.C. §§ 1692d and d(5) by placing numerous collection call(s) to Plaintiff after Plaintiff requested that the phone calls cease.

38.    Specifically, Defendant placed at least twenty phone calls to Plaintiff after Plaintiff requested that the phone calls cease.

39.    Furthermore, Defendant's calls to Plaintiff's family were made with the specific intent of harassing Plaintiff in hopes that it would pressure her to make a payment on the subject debt.

**ii.  Violations of 15 U.S.C. §§1692 b and b(2)**

40.    Pursuant to §1692b of the FDCPA, a debt collector is prohibited from making communicating with any person other than the consumer for purposes of accruing location information about the consumer shall not state that such consumer owes any debt.

41.    Defendant violated 15 U.S.C. §§1692b and b(2) by specifically disclosing Plaintiff's situation with her father.

42.    As set forth above, Plaintiff was harmed by Defendant's deceptive collection practices.

**WHEREFORE**, Plaintiff, AMY G. VELAZQUEZ, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a.  Declaring that the practices complained of herein are unlawful and violate the aforementioned sections of the FDCPA;

b.  Awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

c.  Awarding Plaintiff costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and

d.  Awarding any other relief as the Honorable Court deems just and proper.

## COUNT II
### Violations of §1788.17 of the RFDCPA

43. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

44. California Civil Code § 1788.17 provides:

> Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j [of the FDCPA], inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code.

45. As stated above, Defendant violated 15 U.S.C. §§ 1692d, d5, b and b(2) therefore violating Cal. Civ. Code § 1788.17.

**WHEREFORE**, Plaintiff, AMY G. VELAZQUEZ, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a.  Declaring that the practices complained of herein are unlawful and violate the RFDCPA;

b.  Awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying RFDCPA violations;

6

c.  Awarding Class Members statutory damages;

d.  Awarding the Plaintiff costs and reasonable attorney fees; and

e.  Awarding any other relief as the Honorable Court deems just and proper.

**COUNT III:**
**Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq.*)**

46.  All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

47.  As pled above, Defendant  placed or caused to be placed numerous unwanted and unconsented to numerous non-emergency calls, including but not limited to the aforementioned collection calls, to Plaintiff's cellular telephone utilizing an automatic telephone dialing system ("ATDS") without her prior consent in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

48.  The TCPA defines ATDS as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

49.  Upon information and belief, based on the lack of prompt human response during the phone calls in which Plaintiff answered, Defendant used an ATDS to place calls to Plaintiff's cellular phone number.

50.  Upon information and belief, the dialing system employed by Defendant transfers the call to a live agent once a human voice is detected, thus resulting in a lengthy pause after the called party speaks into the phone.

51.  Upon information and belief, the dialing system used by Defendant to place collection calls to Plaintiff has the capacity to (a) store phone numbers, and (b) dial those phone numbers automatically. *Marks v. Crunch San Diego, LLC*, 2018 U.S. App. LEXIS 26883, at *25-26 (9th Cir. 2018) ("the statutory definition of ATDS is not limited to devices with the capacity to

call numbers produced by a 'random or sequential number generator,' but also includes devices with the capacity to dial stored numbers automatically.")

52.    As pled above, Plaintiff revoked consent to be called on her cellular phone on numerous occasions.

53.    As pled above, Plaintiff was harmed by Defendant's collection calls to her cellular phone.

54.    Upon information and belief, Defendant has no system in place to document and process consumer cease requests and thus continues to place collection calls to consumers after the consumers request that the calls cease.

55.    Upon information and belief, Defendant has no policies and procedures in place to honor the requests of consumers that the collection calls cease.

56.    Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to maximize efficiency and profits.

57.    As a result of Defendant's violations of the TCPA, Plaintiff is are entitled to receive $500.00 in damages for each such violation.

58.    As a result of Defendant's knowing and willful violations of the TCPA, Plaintiff is entitled to receive up to $1,500.00 in treble damages for each such violation.

**WHEREFORE**, Plaintiff requests the following relief:

A.    an order finding that Defendant  violated 47 U.S.C. § 227 (b)(1)(A)(iii);

B.    an order enjoining Defendant  from placing or causing to place further violating calls to Plaintiff;

C.    an award  of $500.00 in damages to Plaintiff for each such violation;

D.    an award of treble damages up to $1,500.00 to Plaintiff for each such violation;

E.      an award of costs of this action, together with reasonable attorney's fees as

determined by this Court; and

F.      an award of such other relief as this Court deems just and proper.

### DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

DATED: March 4, 2021                                Respectfully submitted,

AMY G. VELAZQUEZ

By: */s/ Nicholas M. Wajda*

Nicholas M. Wajda
**WAJDA LAW GROUP, APC**
3111 Camino Del Rio North, Ste. 400
San Diego, CA 92108
+1 310-997-0471
nick@wajdalawgroup.com